```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                           :
MELSI PAJO,                :
                           :
          Plaintiff,       :   Civ. No. 21-10423 (NLH)(KMW)
                           :
     v.                    :   OPINION
                           :
                           :
AGRI-INDUSTRIES, et al.,   :
                           :
          Defendants.      :
_____:
```

APPEARANCES:

Melsi Pajo
608183-D
Bayside State Prison
PO Box F-1
Leesburg, NJ 08327

    Plaintiff Pro se

HILLMAN, District Judge

    Melsi Pajo, a state prisoner presently incarcerated at Bayside State Prison, New Jersey, submitted a complaint under 42 U.S.C. § 1983.  ECF No. 1.  The Court administratively closed the case on May 10, 2021 because Plaintiff's in forma pauperis application did not include the required certification from a prison official.  ECF No. 3.  Plaintiff has now submitted a new in forma pauperis application.  ECF No. 4-1.

    The new application does not comply with 28 U.S.C. § 1915's requirements for in forma pauperis applications.  Under that statute, a prisoner must submit a certified copy of his inmate

trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint.  28 U.S.C. § 1915(a)(2).  Plaintiff's complaint was submitted April 26, 2021.  ECF No. 1-1 at 7.  His account statement must cover the period between November 2020 and April 2021.  The account statement submitted with his new application ends February 5, 2021.  ECF No. 4-1 at 4.  The prison official certification is dated February 5, 2021.  Id. at 6.  Plaintiff must submit an account statement covering the relevant dates with a current official certification.

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action, without filing the Complaint or assessing a filing fee.[1]  The Clerk will be directed to reopen the matter once Plaintiff submits a new application or pays the filing fee.

An appropriate Order follows.

Dated: June 10, 2021                s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).