IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MELSI PAJO,<br><br>              Plaintiff,<br><br>      v.<br><br>AGRI-INDUSTRIES, et al.,<br><br>             Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 21-10423-KMW-EAP<br><br>**OPINION & ORDER** |

This matter comes before the Court on the Motion for Default Judgment filed by *pro se* Plaintiff Melsi Pajo ("Plaintiff"). *See* ECF No. 24. For the reasons that follow, Plaintiff's Motion for Default Judgment is denied without prejudice.

1. Plaintiff filed this action against Defendants Agri-Industries ("Agri"), Susan Scarborough ("Scarborough"), an alleged employee of Agri, and John and Jane Does. *See* ECF No. 1. On October 8, 2021, summons for Defendants Agri and Stacy Williams[1] ("Williams"), bearing the address of the South Woods State Prison ("SWSP"), was returned unexecuted, with a notation that Linda Linen advised that Agri is not located at SWSP, its main office is in central New Jersey, and process must be served there. *See* ECF No. 16. On October 18, 2021, summons for Scarborough was returned executed, and a filing deadline for her answer was set for November 8, 2021. *See* ECF No. 18. On April 11, 2022, Plaintiff filed a request for default against Agri, Scarborough, and Williams. *See* ECF No. 23. On April 11, 2022, because the summons was not returned executed against Agri and Williams, the Clerk's Office entered default against Scarborough only. *See*

---

[1] Williams is not a named defendant in this action. *See* ECF No. 1.

Clerk's Message, Apr. 11, 2022. Following the Clerk's entry of default as to Scarborough, Plaintiff moved for default judgment against Agri, Williams, and Scarborough. *See* ECF No. 24.

2.    First, the Motion will be denied as to Williams. Williams is not listed as a defendant in the Complaint and, thus, is not a party in this case.[2] *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties…."). Second, the Court will not enter default judgment as to Defendant Agri. A plaintiff must first secure an entry of default from the Clerk of the Court, and only after the Clerk has entered default may the plaintiff move for default judgment. *See* Fed. R. Civ. P. 55; *see also Husain v. Casino Control Comm'n*, 265 F. App'x 130, 133 (3d Cir. 2008) (noting that entry of default under Rule 55(a) is a prerequisite for a subsequent default judgment under Rule 55(b)). An entry of default is a prerequisite to seeking default judgment, and since Plaintiff has not obtained an entry of default as to Defendant Agri, the Motion is denied.

3.    Finally, the Court denies the Motion for Default Judgment, without prejudice to Plaintiff re-filing a renewed motion, as to Defendant Scarborough. Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment in favor of a plaintiff where a defendant has failed to plead or otherwise defend. *See Catanzaro v. Fischer*, 570 F. App'x 162, 165 (3d Cir. 2014) (citing Fed. R. Civ. P. 55(b)(2)). Default judgment cannot be entered if a party was not properly served. *See Longenette v. Krusing,* 322 F.3d 758, 765 (3d Cir. 2003) (a default judgment entered when there has been no proper service is void). Under Federal Rule of Civil Procedure 4(e) an individual may be served by:

(1) following state law for serving a summons in an action brought in courts of general
     jurisdiction in the state where the district court is located or where service is made;
     or
(2) doing any of the following:

---

[2] The Court notes that even if Williams was a named defendant, her summons was also returned unexecuted, which precludes an entry of default judgment by the Court.

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone … who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

4.   Here, although Scarborough's summons was returned executed and the Clerk entered default against her, it is unclear that service was effectuated properly against Scarborough. Summons for Scarborough was served at SWSP and accepted by Ms. Linen. The Court cannot ascertain whether Ms. Linen was authorized to accept service on behalf of Scarborough. First, the Court does not know if Ms. Linen, an executive assistant, is employed by SWSP or Agri. Indeed, Ms. Linen was unable to accept service for Agri and Scarborough is alleged to be an employee of Agri, with her duty station at SWSP. *See* Pl.'s Motion ¶2, ECF No. 24 (Scarborough is an employee of Agri, "employed at South Wood State Prison."). There is simply no information before the Court confirming that Ms. Linen is an agent authorized to receive service of process on behalf of Scarborough. [3] As such, the Court denies the Motion seeking default judgment.  However, Plaintiff may re-file a motion which provides additional information establishing proper service and that addresses all factors the Court must consider for a request for default judgment.

Therefore,

IT IS this **8th** day of **December, 2022,** hereby

**ORDERED** that Plaintiff's Motion for Default Judgment (ECF No. 24) is **DENIED without prejudice**; and it is further

---

[3] Service of process is not sufficient if the United States Marshal serves an individual not authorized to accept service. *See Salaam v. Merlin*, No. 08-1248, 2009 WL 2230925, at *3 (D.N.J. July 22, 2009). Moreover, a fellow employee may not be authorized to accept service on behalf of another employee. *See Laffey v. Plousis*, No. 05-2796, 2008 WL 305289, at *5 (D.N.J. Feb. 1, 2008).

**ORDERED** that the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal 285 Forms. The Court hereby extends the time for Plaintiff to effectuate service to **December 27, 2022**. If Plaintiff experiences difficulties effectuating service, he must file a letter with the Court setting forth good cause for further extension of the December 27, 2022 deadline on or before **December 20, 2022**; and it is further

**ORDERED** that Plaintiff must file a motion seeking to amend his Complaint if he seeks to institute an action against Stacy Williams; and it is further

**ORDERED** that, on or before **December 21, 2022**, Plaintiff may file a renewed motion seeking default judgment as to Defendant Susan Scarborough consistent with the Court's above instructions; and it is further

**ORDERED** that based on Plaintiff's letter requesting docket information, *see* ECF No. 26, the Clerk of the Court is directed to mail the docket sheet, ECF Nos. 16 and 18, and a copy of this Order to Plaintiff by regular U.S. mail.


Dated: December 8, 2022

KAREN M. WILLIAMS
United States District Judge

4