[ECF No. 33]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **MELSI PAJO,**<br><br>　　　　　　　**Plaintiff,**<br><br>　　v.<br><br>**AGRI–INDUSTRIES, et al.,**<br><br>　　　　　　　**Defendants.** | Civil No. 21-10423 (KMW/EAP) |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the Motion for Appointment of *Pro Bono* Counsel, ECF No. 33, filed by *pro se* Plaintiff Melsi Pajo. No opposition has been filed. The Court exercises its discretion to decide Plaintiff's Motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed, Plaintiff's Motion is **GRANTED**.

**BACKGROUND**

Plaintiff Melsi Pajo ("Plaintiff") is an inmate currently confined at Bayside State Prison in Cumberland County, New Jersey. *See* Dkt. Sheet. At the time of the events alleged in the Complaint, Plaintiff was designated to South Woods State Prison ("SWSP"), located in Bridgeton, New Jersey. Complaint ("Compl."), ECF No. 1, ¶¶ 2, 8. Plaintiff alleges that on January 4, 2019, he was assigned to work at a meat processing facility, operated by Defendant Agri-Industries, located in the "I-Building" of SWSP. *Id.* ¶¶ 10-12. According to the Complaint, Plaintiff's duties included "operating meat processing equipment." *Id.* ¶ 13. At the time of the incident giving rise to Plaintiff's Complaint, Plaintiff alleges that he was feeding slabs of meet through a mechanical hopper. *Id.* ¶ 14. While doing so, Plaintiff slipped and fell off the machine, hitting his head on

the concrete floor. *Id.* ¶¶ 16-17. As a result, Plaintiff allegedly became unconscious for approximately 30 seconds and suffered injuries to the left side of his face. *Id.* ¶¶ 17-18.

According to Plaintiff, he immediately complained about pain on the left side of his face to SWSP employees and sought medical attention from SWSP medical staff. *Id.* ¶¶ 21-22. Plaintiff alleges that the medical staff, specifically unnamed Defendants Doctor John Doe I and Nurse Jane Doe I, refused to treat him. *Id.* ¶ 22. After repeatedly complaining about pain to the left side of his face and requesting medical evaluations, Plaintiff alleges that the Doe Defendants relented and scheduled an appointment for him at Saint Francis Medical Center. *Id.* ¶ 23.

Plaintiff asserts that he received medical care at Saint Francis Medical Center on March 6, 2019, where a physician determined that he had "severe fractures" to his "maxillofacial bones." *Id.* ¶¶ 24-25. Plaintiff further asserts that on April 17, 2019, he received additional medical testing at University Hospital, where an ophthalmologist determined that in addition to other closed fractures, Plaintiff had a "facial fracture, particularly, a left zygomatic-axillary fracture with a depression of the zygomatic arch [and] . . . fractures at the lateral and inferior wall of the left orbital." *Id.* ¶¶ 26-37. Plaintiff allegedly underwent surgery on October 24, 2019, "to mend the fractures and fix the dent within his skull." *Id.* ¶ 28.

On April 2, 2021, Plaintiff filed the present two-count Complaint. In Count 1 of the Complaint, Plaintiff sued Defendant Agri-Industries, asserting a claim of negligence. Specifically, Plaintiff alleges that the incident occurred due to defects in machinery and the failure of Agri-Industries to keep workplaces free from grease. *Id.* ¶¶ 29-30. In Count II, Plaintiff alleges that SWSP medical employees violated his Eighth Amendment rights by failing to provide Plaintiff adequate medical care for several months after the incident. *Id.* ¶¶ 31-32.

On January 12, 2023, the Court denied Plaintiff's *pro bono* counsel application because the Court denied his application to proceed *in forma pauperis*. *See* ECF Nos. 10, 25. On February 10, 2023, Plaintiff filed a second application to proceed *in forma pauperis*, ECF No. 32, which the Court granted on March 15, 2023, ECF No. 34. On February 10, 2023, Plaintiff filed this Motion to Appoint *Pro Bono* Counsel. ECF No. 33.

## **DISCUSSION**

Motions for the appointment of *pro bono* counsel are governed by 28 U.S.C. § 1915(e). That statute grants courts broad discretion to request counsel for indigent litigants; however, these appointments are not a statutory or constitutional right. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011) (citation omitted); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997).

Prior to analyzing the substance of the applicant's request for *pro bono* counsel, the Court must first determine whether the litigant's overarching claim has "some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (quotation omitted). If this threshold is satisfied, then the substance of the applicant's request for *pro bono* counsel should be reviewed under the following factors (hereinafter the "*Tabron/Parham* factors"):

(1) the plaintiff's ability to present his or her own case;

(2) the complexity of the legal issues;

(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

(4) the amount a case is likely to turn on credibility determinations;

(5) whether the case will require the testimony of expert witnesses;

(6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham*, 126 F.3d at 457 (citing *Tabron*, 6 F.3d at 155-56, 157 n.5). None of the above factors is individually determinative, and the list is not exhaustive. *Id.* at 458. Rather, these factors articulate

important considerations to evaluate a litigant's request for the appointment of *pro bono* counsel. *Id.*

The fact that Plaintiff's Complaint and *in forma pauperis* petition were screened pursuant to 28 U.S.C. § 1915(e), and the Court did not dismiss Plaintiff's claims, provides an indication that the claim has "some merit in fact and law." Thus, for the purpose of this Motion, the Court will assume that Plaintiff has satisfied his threshold burden.[1] Therefore, the Court will proceed to evaluate Plaintiff's request for counsel using the *Tabron/Parham* factors as a guidepost.

The first *Tabron/Parham* factor requires an evaluation of whether the litigant is capable of presenting his or her own case. *Montgomery v. Pinchak*, 294 F.3d 492, 501 (3d Cir. 2002). This factor will weigh against the appointment of counsel where the litigant is capable of pursuing his or her own action. *See Gordon v. Gonzalez*, 232 F. App'x 153, 157 (3d Cir. 2007). This capability should be measured through an analysis of the litigant's literacy, education, ability to understand English, prior work experience, and prior litigation experience. *Tabron*, 6 F.3d at 156.

Plaintiff argues that he is unable to present his claim because he only has a high school education and no legal training or education. *See* Plaintiff's Memorandum of Law, ("Pl.'s Mem."), ECF No. 33-3 at 5. "However, a lack of legal experience alone is not a basis for appointing counsel, because it is a limitation held in common by most *pro se* parties." *Cousar v. Stack*, No. 20-1259, 2022 WL 376618, at *1 (D.N.J. Feb. 8, 2022) (quotation omitted). Plaintiff's filings to the Court demonstrate his ability to adequately read, write, and understand English as well as a strong understanding of the facts leading to his Complaint. Even without the assistance of counsel, Plaintiff filed a successful motion to proceed *in forma pauperis* and filed the present Motion for appointment of counsel with the proper forms. Plaintiff's Complaint clearly specifies his causes of action, lists legible allegations in numbered paragraphs with specific dates, and makes a definite

---

[1] This assumption is for purposes of this Motion only. The Court reserves the right to reconsider the merits of Plaintiff's claims in the future.

claim for monetary and other relief based on his alleged injuries.  *See* Compl., Statement of Claims, ¶¶ 29-32; *see id.*, Claim For Relief, ¶¶ 1-5.  At present, Plaintiff appears to be competent and capable of presenting the case himself.  Thus, the first factor weighs against the appointment of counsel for Plaintiff.

The second factor concerns the complexity of the legal issues presented in the case.  Courts should be more inclined to appoint counsel when the legal issues are complex.  *Tabron*, 6 F.3d at 156 ("[W]here the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis.") (quoting *Maclin v. Freake*, 650 F.2d 885, 889 (7th Cir. 1981)).  And "[w]hile the ultimate issue may be comprehensible, courts must still look to the proof going towards the ultimate issue and the discovery issues involved." *Montgomery,* 294 F.3d at 502 (quoting *Parham,* 126 F.3d at 459).

Plaintiff asserts that "this case involves multiple legal claims and medical issues" and acknowledges that he "is ill-equipped to handle the discovery and/or deposition required to properly present these issues."  Pl.'s Mem., ECF No. 33-3 at 5.  Claims for deliberate indifference to medical needs often "involves complex facts and medical records that even most lawyers struggle to comprehend."  *Parham,* 126 F.3d at 460.  Courts within the Third Circuit have generally found "civil rights cases alleging deliberate indifference to a prisoner's medical needs can raise sufficiently complex legal issues to require the appointment of counsel."  *Montgomery,* 294 F.3d at 502 (citing *Parham,* 126 F.3d at 459); *see also Ali v. Univ. Corr. Health Care,* No. 17-1285, 2017 WL 376652 (D.N.J. Aug. 30, 2017) (holding that a claim arising from lack of care for an incarcerated plaintiff's Hepatitis-C to be "sufficiently complex").  Thus, the second factor weighs in favor of the appointment of counsel.

The third factor concerns the degree and/or difficulty of any expected factual investigation the case may require, and the ability of Plaintiff to conduct such an investigation.  Claims that are likely to require extensive discovery and compliance with complex discovery rules may warrant

the appointment of counsel. *Tabron*, 6 F.3d at 156. Additionally, appointment of counsel may be appropriate where plaintiff's discovery requests are met with resistance by defendants, especially where the documents sought make up the crux of plaintiff's case. *Montgomery,* 294 F. 3d at 503-04. Plaintiff acknowledges this factor by highlighting the difficulties he has faced in conducting factual investigations. *Id.* at 4. Plaintiff asserts that video footage of the incident, medical records of his injuries, and investigatory reports from the New Jersey Department of Corrections are needed to establish the merits of his claim; however, all entities in possession of these documents have denied his requests for production. *Id.* Plaintiff claims that "the gathering of factual evidence in this case without an attorney makes presenting this evidence almost impossible." *Id*. As such, the Court finds that the third *Tabron/Parham* factor weighs in favor of the appointment of counsel.

The fourth factor for consideration is the likelihood a case will turn on credibility determinations. While most cases turn on credibility determinations, this factor will only weigh in favor of the appointment of counsel where the trial is expected to be "solely a swearing contest." *Parham*, 126 F.3d at 460. Thus, in considering this factor, a court must evaluate the degree to which "witness credibility is a key issue." *Tabron*, 6 F.3d at 156. Although it is early in the procedural life of the case, the Court realizes that cases of this type, where evidence, such as medical records, will provide the relevant evidence with respect to the claims, it is unlikely that this case will be "solely a swearing contest." *Ali,* 2017 3736652, at *8. Therefore, the Court finds the fourth *Tabron*/*Parham* factor weighs against the appointment of counsel.

The fifth factor under consideration is the extent to which expert testimony may be required. Where a case will likely require such testimony, the appointment of counsel may be warranted. *Tabron*, 6 F.3d at 156. Medical deliberate indifference claims under the Eighth Amendment generally require expert medical testimony. *Colston v. Corr. Med. Servs.,* 256 F. App'x 551, 553 (3d Cir. 2007) (citing *Montgomery,* 294 F.3d at 503-04). Plaintiff acknowledges the importance of expert testimony in his case. *See* Plaintiff's Application for *Pro Bono* Counsel

("Pl.'s App'l"), ECF No. 33-2 at 3.  Accordingly, the Court finds that the fifth *Tabron*/*Parham* factor weighs in favor of the appointment of counsel.

The final *Tabron*/*Parham* factor to be addressed is whether the litigant is financially capable of retaining his own counsel.  *Parham*, 126 F.3d at 461.  Plaintiff asserts that he has been unable to retain counsel due to his financial limitations.  *See* Pl.'s App'l at 4.  Plaintiff is currently incarcerated, and his only source of financial support presumably comes from his prison job that Plaintiff says, "only pays a pittance each month."  *Id.*  Because Plaintiff is proceeding *in forma pauperis* and facing financial difficulties, the Court finds the sixth *Tabron*/*Parham* factor weighs in favor of the appointment of counsel.

## **CONCLUSION**

Because four of the six the *Tabron*/*Parham* factors weigh in favor of the appointment of counsel, the Court grants Plaintiff's Motion.  Plaintiff's attempts to collect documents and evidence to establish his factual allegations have been denied, and the relevant legal issues are complex and will likely require expert witnesses.  Furthermore, Plaintiff lacks the financial resources necessary to afford counsel.  In the current case, these factors outweigh Plaintiff's ability to present his own claim.

Accordingly, for all the foregoing reasons,

**IT IS** this **7th** day of **July 2023**;

**ORDERED** that Plaintiff's Motion to Appoint *Pro Bono* Counsel, ECF No. 33, is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is hereby directed to select an attorney for appointment from the Civil Pro Bono Panel, in accordance with procedures set forth in Appendix H, Local Rules for the United States District Court for the District of New Jersey.  However, while the Court has granted Plaintiff's Motion and is directing that an attorney be selected, the Court

7

cautions Plaintiff that there is no guarantee that an attorney will be willing to accept Plaintiff's case; and it is further

**ORDERED** that the case schedule will be determined at the Initial Scheduling Conference after counsel is appointed; and it is further

**ORDERED** that the Clerk's Office shall forward a copy of this Order to Plaintiff's address via regular mail and shall enter a notation on the docket indicating the date upon which this Order was mailed.

s/ Elizabeth A. Pascal<br>
ELIZABETH A. PASCAL<br>
United States Magistrate Judge

cc:  Hon. Karen M. Williams, U.S.D.J.